UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARTH NOLI CRANE, | ) | 1:07-cv-00967-AWI-SMS |
| | ) | |
| Plaintiff, | ) | **INFORMATIONAL ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, referred to as "Appellant" in the course of this proceeding, is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, Appellant's claim for benefits under the Social Security Act.  The complaint has not yet been served on Defendant, referred to as "Respondent" in the course of this proceeding.  On July 9, 2007 (Doc. 3), the Court granted Appellant's motion to proceed in forma pauperis without prepayment of fees (Doc. 2), directed the clerk to file the complaint and issue summons, and ordered the United States marshal to serve same.

1

**This order simply provides the following information for pro se litigants.  The Court strongly suggests Appellant keep this order readily handy for future reference**.

I.   Service of the Complaint

As is outlined in the Scheduling Order (Doc. 4) previously issued in this case, except when other provisions are made pursuant to an application to proceed in forma pauperis, <u>as is the case is this particular action</u>, Appellant shall serve the summons, complaint, notice and form of consent to proceed before a Magistrate Judge provided by Local Rule 73-305(a), and a copy of the Scheduling Order within **twenty (20) days** of filing the complaint.  After those documents have been served, a proof of service must be filed with the Court, <u>by the United States marshal in this particular action</u>, and should be filed without delay.

II.   Attempt at Informal Resolution of the Case

Pursuant to the Scheduling Order, within **one hundred twenty (120) days** after service of the complaint, Respondent is required to serve a copy of the administrative record on Appellant and file the administrative record with the Court, which serves as the answer to the complaint in this proceeding.

Once the administrative record has been filed, the parties must try to resolve the case informally.  In this process the parties must exchange informal briefs in the form of letters about the case to see if they can agree that the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge.  Appellant's letter brief (1) must be served on Respondent no

later than **thirty (30) days** after Respondent serves Appellant with the administrative record, (2) should be marked "Confidential Letter Brief;" and, (3) should not be filed with the Court.  Therein, Appellant must briefly set forth the issues in the case, the reasons why Appellant thinks that he is entitled to Social Security benefits, and why the decision to deny benefits should be remanded.

Respondent's confidential letter brief must be served on Appellant no later than **thirty-five (35) days** after Respondent is served with Appellant's confidential letter brief.

If the parties agree on a remand, then the case will go back to the Social Security Administration before any formal briefs are filed with the Court and without the Court ever considering the merits of the case.  The parties' agreement to remand the case must be in writing in a document titled "stipulation," which must be signed and filed with the Court no later than **fifteen (15) days** after Respondent served its confidential letter brief on Appellant.

The informal letter briefs exchanged by the parties are confidential in the sense that they are not filed with the Court. If the parties are unable to agree to a remand, the letters are not part of the case file and thus are not before the Court if and when the Court finally considers the case on the merits.

III. Briefs

If after exchanging letters the parties are unable to agree to a remand of the case, then the parties must submit formal briefs to the Court as directed in the Scheduling Order. It is only after the briefs are filed that the Court will

consider the merits of the case and make a decision.

        A.   <u>Appellant's Opening Brief</u>

Appellant's opening brief must be filed and served no later than **thirty (30) days** from the date Respondent's informal letter brief was served on Appellant.  Appellant must serve a copy of his opening brief on the United States Attorney for the Eastern District of California by either hand-delivery or mailing it to:

        United States Attorney
        Eastern District of California
        United States Attorney's Office
        Civil Process Clerk
        2500 Tulare Street, Suite 4401
        Fresno, CA 93721

Appellant must also file his original opening brief, together with a copy, with the Court, which means that the original and copy must be either hand-delivered or mailed to:

        Office of the Clerk
        United States District Court
        Eastern District of California
        2500 Tulare Street, Suite 1501
        Fresno, CA 93721

Appellant's opening brief must contain the following parts:

    (1)  a plain description of Appellant's alleged physical or emotional impairments, when Appellant contends they became disabling, and how they disabled Appellant from work;

    (2)  a summary of the administrative proceedings before the Social Security Administration;

    (3)  a summary of the relevant testimony at the administrative hearing;

    (4)  a summary of all relevant medical evidence, including an explanation of the significance of clinical and

4

laboratory findings and the purpose and effect of prescribed medication and therapy;

(5) a recitation of the Social Security Administration's findings and conclusions relevant to Appellant's claims;

(6) a short, separate statement of each of Appellant's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

(7) argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact must be accompanied by citations to the administrative record.  Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>.  A document that is stricken becomes a nullity and is not considered by the Court for any purposes.

<u>Appellant is further advised that failure to timely file an opening brief will result in dismissal of the action</u>.

B. <u>Respondent's Brief</u>

Pursuant to the Scheduling Order, Respondent's responsive brief is due filed and served no later than **thirty (30) days** after service of Appellant's opening brief.

C. <u>Appellant's Reply Brief</u>

Appellant may file a reply brief, but is not required to do so, no later than **fifteen (15) days** from the date

5

Respondent served its responsive brief on Appellant.  Appellant must serve a copy of the reply brief on Respondent by serving the United States Attorney for the Eastern District of California at the address for the United States Attorney's noted above. Appellant must also file the original reply brief, together with a copy, with the Court at the Court's address noted above.

        Appellant's reply brief should respond to the arguments made in Respondent's responsive brief.

   IV.   <u>Motion to Dismiss</u>

        In some cases, instead of serving and filing an administrative record, Respondent may file a motion to dismiss the case pursuant to Rule 12 of the Federal Rules of Civil Procedure.  If Respondent files such a motion, it must be filed no later than **one hundred twenty (120) days** from the date Respondent is served with Appellant's complaint.

        Appellant may oppose a motion to dismiss by filing and serving opposition to the motion no later than **fourteen (14) days** from the date the motion to dismiss was served on Appellant, and should be titled "Opposition to Respondent's Motion to Dismiss."

        The Court will consider a motion to dismiss only after receiving opposition from Appellant, or after the time for filing opposition has passed.  In ruling on a motion to dismiss the case, the Court may either (1) deny the motion and proceed with the case, ordering the parties to proceed to file the administrative record, attempt informal resolution, and file briefs; or, (2) grant the motion to dismiss, and dismiss all or part of the case.

//

6

V. <u>The Court's Decision on the Merits</u>

The Court will consider the merits of the case only after all briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration. The Court may or may not remand the case to the Social Security Administration for a further hearing.

VI. <u>Rules for Litigating the Action</u>

Appellant is reminded of the following:

A. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and the Local Rules of the United States District Court, Eastern District of California (Local Rules). A copy of the Local Rules may be obtained in the Clerk's Office.

Local Rule 8-206 is a special rule for social security actions. Specifically (a)(2) and (3) generally states that complaints shall contain the last four digits of Appellant's social security number only, and that Appellant shall privately disclose to Respondent, within **five (5) days** after a request is made to Appellant, the full social security number of Appellant. Therefore, Appellant shall refrain from disclosing his entire social security number on any future filings. <u>See</u> Complaint, Page 1, line 11.

<u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>. <u>See</u> Local Rule 11-110; Fed. R. Civ. P. 41(b).

//

1        B.   Documents intended to be filed with the Court must
2 be mailed to the Clerk of the Court.  See Local Rule 5-134(a).
3 <u>All documents improperly mailed directly to a judge's chambers</u>
4 <u>will be stricken from the record</u>.  A document requesting a court
5 order must be styled as a motion, not a letter.  See Fed. R. Civ.
6 P. 7.
7        C.   Each document submitted for filing must include
8 the original signature of the filing party or parties.  Local
9 Rule 7-131; Fed. R. Civ. P. 11(a).  <u>All documents submitted</u>
10 <u>without the required signature(s) will be stricken</u>.  Each
11 separate document must be separately stapled.  See Local Rule
12 7-130.  If a document is stapled behind another document, it will
13 not be filed and will not enter the court docket.
14        D.   All documents filed with the Court must be
15 submitted with an additional legible conformed copy for the
16 Court's use.  See Local Rule 5-134(b).  <u>A document submitted</u>
17 <u>without an extra copy for the Court's use will be stricken</u>.  If
18 the filing party wishes the Court to return a file-stamped copy,
19 he must include an additional copy for that purpose (i.e., submit
20 an original and two copies, one for the Court's use and one to be
21 returned), together with a self-addressed, stamped envelope.  <u>The</u>
22 <u>Court cannot provide copy or mailing service for a party, even</u>
23 <u>for an indigent Appellant proceeding in forma pauperis</u>.  Copies
24 of documents from the Court's file may be obtained at the cost of
25 fifty ($.50) cents per page.
26        E.   After any Respondents have appeared in an action
27 by filing a pleading responsive to the complaint (i.e., an answer
28 or a motion to dismiss), all documents filed with the Court must

include a certificate of service stating that a copy of the document was served on the opposing party.  *See* 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 5-135.  **A document submitted without the required proof of service will be stricken**.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

   F. A pro se party has an affirmative duty to keep the Court and opposing parties apprised of his address.  If Appellant moves and fails to file a notice of change of address, service of court orders at Appellant's prior address shall constitute effective notice.  <u>See</u> Local Rule 83-182(d).  <u>If mail directed to Appellant is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If Appellant's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute</u>.  <u>See</u> Local Rule 83-183(b).

IT IS SO ORDERED.

**Dated:   July 26, 2007**         **/s/ Sandra M. Snyder**
                UNITED STATES MAGISTRATE JUDGE